UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00206-TBR

JASON INGRAM, *et al.*,                                               PLAINTIFFS

v.

OASIS INVESTMENTS, LLC, *et al.*,                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants LeeCor Systems, LLC and Steven Medlin's motion for leave to file their joint amended answer, [DN 51.] Plaintiffs Jason and Dilenia Ingram responded, [DN 52], and Defendants replied, [DN 54.] Fully briefed, this matter is now ripe for decision. For the reasons discussed herein, Defendants' motion is **GRANTED**.

BACKGROUND

The Court set forth the detailed facts of this case in its prior Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss for failure to state a claim, *Ingram v. Oasis Investments, LLC*, No. 5:16-CV-00206-TBR, 2017 WL 6508362, at *1 (W.D. Ky. Dec. 19, 2017), but includes a short summary here. Plaintiffs Jason and Dilenia Ingram filed suit against several defendants, including LeeCor Systems, LLC ("LeeCor") and Steve Medlin, an employee of LeeCor, after the construction of a new home on the Ingrams' property went awry. The Ingrams allege that, during the time they worked with LeeCor and Medlin, they were "in the business of marketing and selling residential steel frame and prefabricated foam panel construction materials that are designed, manufactured, packaged and/or marketed by Defendant Premium Steel Building Systems, Inc." [DN 1 at 10.] According to the Ingrams, "LeeCor and Medlin hold themselves out as having experience and expertise in selecting and/or recommending certain products for inclusion in a new home build, such as, but

1

not limited to, steel framing and prefabricated foam walls" manufactured by Defendant Premium Steel Building Systems, Inc. [*Id.* at 11.] The Ingrams allege that the structural system recommended to them by LeeCor and Medlin was improper for the construction of their home and could not be installed so as to comply with applicable building codes. They also allege that Medlin made various other misrepresentations, such as advising then that a vapor barrier was unnecessary when, in fact, the opposite was true.

Following LeeCor and Medlin's motion to dismiss, the Ingrams' remaining claims are for breach of the implied warranty of fitness for a particular purpose, breach of the implied warranty of workmanlike performance, negligent construction; negligent provision of professional services; fraud; negligent misrepresentation; violations of building codes under KRS § 198B.130; and building professional liability under KRS § 411.256. *See Ingram*, 2017 WL 6508362, at *9–10.

In the instant motion, Defendants LeeCor and Medlin move for leave to file a joint amended answer, which they attached to their motion. [DN 51; DN 51-1.] The Ingrams filed a response in opposition to Defendants' motion, [DN 52], and Defendants filed a reply, [DN 54.]

STANDARD

Federal Rule of Civil Procedure 15 entitles any party to "amend its pleading once as a matter of course" before being served with a responsive pleading, Fed. R. Civ. P. 15(a)(1), and in all other cases, allows a party to amend either "with the opposing party's written consent or the court's leave." *Id.* at (a)(2). The Rule further states that "court[s] should freely give leave when justice so requires." *Id.* In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983)).

DISCUSSION

Initially, LeeCor and Medlin (for purposes of this motion, "Defendants") filed separate, but identical answers. [DN 12; DN 13.] On the same day as they filed those answers, they filed a partial motion to dismiss, [DN 14], which the Court granted in part and denied in part. [DN 50]; *Ingram*, 2017 WL 6508362, at *1–11. In their instant motion, Defendants move for leave to file a joint amended answer. [DN 51.] Therein, Defendants state that, by filing a joint amended answer, they seek to incorporate their original responses and affirmative defenses into one document and to alter their responses to paragraphs 49, 159–62, 169–73, 180–84, and Count X in the Ingrams' complaint. [*Id.* at 1–2.]

In response, the Ingrams do not object to the filing of a joint answer in general or the majority of the proposed amendments Defendants wish to make therein. [DN 52 at 4.] The Ingrams do object to Defendants' proposed amendments to their responses to paragraph 49 and paragraph 149 of the Ingrams' complaint, however.[1]

---

[1] The Ingrams also wish to point out that "defendants incorrectly assert in paragraphs 168 to 173 that Count III of the Complaint has been dismissed in its entirety," when actually "[t]he claims therein have been dismissed as to LeeCor and Medlin, but not as to other defendants." [DN 52 at 4.] Therefore, the Ingrams "object to protect the record – and, more importantly, clarity of the record – going forward." [*Id.*] The Court acknowledges that the Ingrams are correct on this point and will bear this in mind going forward.

### a. Paragraph 49

The Ingrams' complaint at paragraph 49 states: "Upon information and belief, neither Medlin nor any employee of LeeCor holds a license, including in the Commonwealth of Kentucky, for the provision of engineering, architectural or other similar services requiring licensing from the state." [DN 1 at 11, ¶ 49.] In Defendants' original answers, they each stated "This defendant denies the allegations contained in paragraph 49 based upon ambiguity, vagueness and lack of specificity in the allegations." [DN 12 at 5, ¶ 49; DN 13 at 5, ¶ 49.] In their proposed joint amended answer, Defendants now seek to amend their responses to say "This defendant admits the allegations contained in paragraph forty-nine." [DN 51-1 at 6, ¶ 49.]

In their response, the Ingrams state that they "take issue with the substantive alteration of the answer in paragraph 49 without an explanation for – or, failing to sufficiently explain, some penalty for – the falsity of the previous answer." [DN 52 at 3.] According to the Ingrams, "Defendants demonstrate that they now understand the allegations made here – just as they surely did when they previously wrongfully denied the allegations." [*Id.* at 2.] However, the Ingrams also

> acknowledge that they cannot point to any presently identifiable, particularly persuasive claim of prejudice in this proposed amendment, save perhaps for the potential loss of the full strength of possible impeachment about an obviously untrue answer and/or save for the fact that the answer to paragraph 49, similar to paragraph 149, points to defendants' pattern of avoiding answering the allegations of the Complaint as required by the civil rules . . . .

[*Id.* at 2–3.] However, because discovery is ongoing until October 1, 2018, [DN 48 (Scheduling Order)], the Ingrams still have ample time to serve interrogatories or depose LeeCor and Medlin about why they changed their answers to paragraph 49 from a denial to an admission. And while, on one hand, the Ingrams may have lost the ability to impeach Defendants regarding their initial denial, on the other hand, the Defendants have now admitted a fact that is arguably helpful to the

Ingrams: that Defendants did not hold any architectural or engineering licenses. Therefore, this is one less fact the Ingrams will have to prove. Accordingly, overall, the Court cannot discern any real prejudice in this regard.

The Ingrams further state in their response that they "do not see that their concern with the broader implications of defendants' proposed amended answer to paragraph 49 permits plaintiffs to go so far here as to argue that leave to amend is required to be denied." [DN 52 at 3.] Rather, the Ingrams state that they merely wish to "state their opposition here at this time" "simply to protect the record, to protect against currently unforeseen or unappreciated implications, and to preserve future requests for relief with regard to defendants' pleadings and examination at trial." [*Id.*] In essence, then, the Ingrams make no substantive argument against the Defendants' motion for leave to amend. They cite no statutory or case law and do not even argue that leave should be denied. Rather, they merely wish to "state their opposition" for the record. [*Id.*] "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)).

Upon its own evaluation of the factors, the Court can discern no undue delay, lack of notice, bad faith, repeated failure to cure deficiencies by prior amendments, or futility of the amendment such that Defendants' motion should be denied. *Brumbalough*, 427 F.3d at 1001. Defendants filed their motion for leave to amend well in advance of the June 28, 2018 deadline for amended pleadings set by the Court's Scheduling Order. [*See* DN 48.] True, Defendants offer no explanation for the fact that they now wish to admit allegations they previously denied. However, the Ingrams have pointed to no real prejudice, and the Court cannot conceive of any.

5

Additionally, Defendants point out that their instant motion was filed "before any deposition has taken place," [DN 54 at 2], which further eliminates any prejudice in this case because the change in responses will not increase costs or require any remedial discovery to take place. *Contrast In re Johnson*, 401 B.R. 256, 260 (Bankr. S.D. Ohio 2009) ("The Defendant's proposed Second Amended Answer changes the Defendant's position on such facts. Therefore, the Trustee would now have to litigate previously conceded facts, resulting in increased delay and expense to the bankruptcy estate.").

### b. Paragraph 149

The Ingrams repeat largely the same arguments with regard to their objection to Defendants' amendment to their responses to paragraph 149 of the complaint. Paragraph 149 of the Ingrams complaint reads as follows:

> 149. Mr. Ingram and/or subsequent contractors who have been in the house working have additionally noticed or identified failures in the work by Oasis, Davis, the laborer named Eric, and/or Medlin as follows:
>
> a. With recent extreme cold weather, it has been discovered that there are multiple locations throughout the house where cold air is infiltrating through wall panels that were supposed to be foam filled and air tight.
>
> b. Material that was to be used in the construction work performed by Oasis, Davis, the laborer named Eric, and/or Medlin has been discovered unused and/or uninstalled, such as, for example, many places where screws are missing throughout the framing system.
>
> c. Flooring contractors have refused to consider installing flooring on the unlevel floor or have quoted significantly higher prices to consider installing flooring given the unlevel condition and movement in the subflooring.
>
> d. Trim work installers have refused to consider installing trim work or have quoted or charged significantly higher prices due to the amount of additional work required to place trim work along walls that are not plumb and that are of unlevel or inconsistent heights.

> e. Certain windows in the house are beginning to brick due to, upon information and belief, unworkmanlike installation by Oasis, Davis, the laborer named Eric, and/or Medlin.

[DN 1 at 34–35; ¶ 149.] In Defendants' original answers, they each stated "This defendant denies the allegations contained in paragraph 149, as said allegations lack foundation and are otherwise vague, ambiguous and undocumented in terms of the so-called findings of any unspecified contractors." [DN 12 at 11, ¶ 149; DN 13 at 11, ¶ 149.] Now, in their proposed joint amended answer, Defendants seek to amend their responses to say "This defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 149 with respect to what Mr. Ingram and/or subsequent contractors identified. Defendant denies the content of the findings and the remainder of paragraph 149, including all subparts." [DN 51-1 at 15, ¶ 149.]

In their response to Defendants' proposed amendment to their response to paragraph 149, the Ingrams state that "this is not the same as going from admit to deny, or from deny to admit," as Defendants wish to do with regard to paragraph 49, "however, the original answer is a qualified denial based upon lack of documentation (which has now, and will be, provided), and the proposed amended answer is an outright denial without any qualification." [DN 52 at 3.] The Ingrams contend that, "[a]t the very least, defendants should be held to explain the basis of their previous answers and explain why they should not be held to their previous answers." [*Id.* at 3–4.] Again, however, the Ingrams cite no statute or case law in support of this assertion. Additionally, this Court knows of no law, policy, or practice of requiring a party who wishes to amend a pleading to explain the reason for the amendment. Rather, the Court is confined to considering the interests of justice and whether there exists any undue delay, lack of notice, bad faith, prior failures to cure, prejudice, or futility. *Brumbalough*, 427 F.3d at 1001. As the Court

explained above, it does not find that any of these circumstances exist here. Although Defendants do not explain why they wish to change their answers, the Court cannot say that their conduct constitutes bad faith. Finally, because the Ingrams have pointed to no prejudice or undue delay, the Court will grant Defendants' motion for leave to file their joint amended answer.

CONCLUSION

For the reasons stated herein, Defendants LeeCor Systems, LLC and Steven Medlin's motion for leave to file their joint amended answer, [DN 51], is **GRANTED**. The Clerk is directed to file the Joint Amended Answer attached to their motion at Docket Number 51-1.

**IT IS SO ORDERED**.

Date:

cc: Counsel